Plaintiff herein is a stepson of defendant, Mrs. Mamie Barkett. His father owned and operated in the City of Shreveport a candy factory under the trade name of "Barkett Candy Kitchen." He died in 1945. At that time plaintiff was absent in the armed service of the Government. He was discharged and returned home in the latter part of the year 1945. After Mr. Barkett's death, his wife, the defendant, continued to operate the candy business in the same manner it had been operated prior to her husband's death. In order to enable *Page 639 
the business to manufacture candy the Office of Price Administration made an allotment of 8,750 pounds of sugar to it every three months, and issued a check or coupons in the name of the business therefor.
Very soon after plaintiff's return home he and his stepmother, the defendant, with the aid of their respective attorneys, began negotiations looking to a termination of the undivided ownership of the property left by Barkett at his death, which included an improved lot in said city, an automobile, other personal property and the assets and equipment of the Barkett Candy Kitchen.
Several propositions were made and declined. Finally, plaintiff, through his then counsel, offered to buy or sell for $3,500 cash. Defendant elected to buy and accepted the offer. Both sides agreed that it was understood that the stock on hand would be equally divided and this was done. It consisted of only a few bags of peanuts. The parties, with plaintiff's then counsel, met in the office of defendant's counsel on January 23rd where a deed was prepared to consummate the agreement. It was signed by plaintiff and delivered to defendant's counsel. According to the recitals of the deed plaintiff conveyed to defendant for $3,500 cash all his right, title and interest in and to all of said property excepting four pieces of household furniture, the concluding part of the description reading as follows:
"The business, assets and equipment of the candy kitchen operated on the premises known as 1747 Lakeshore Drive under the trade name of Barkett Candy Kitchen."
Very soon after the execution of the act of sale a dispute arose as to whether it included the sugar allotment; plaintiff and his counsel contending that it did not, while defendant and her counsel took the contrary position. This suit followed.
Plaintiff alleged that he is the owner of one-half of the right to a sugar rationing check issued to the Barkett Candy Kitchen. He also alleged that at the time he executed the deed to defendant it was distinctly understood and agreed that the right to the sugar rationing check would be immediately divided by them; that pursuant to said agreement the sugar rationing check was sent to the Office of Price Administration in New Orleans for the re-establishment of the sugar allotment in equal proportions to petitioner and defendant; that due to the fact that defendant did not carry out her part of the agreement, but, on the contrary, having led the Office of Price Administration to believe she had the right to the entire sugar allotment, that office on or about February 8, 1946, issued a check for the entire sugar allotment to the defendant, operating the "A. M. Barkett Candy Manufacturing Company." He further alleged that he would not have sold his interest in the undivided property except on the condition that he would retain his right to one-half of the sugar allotment; that the refusal of defendant to assist him in effecting a re-establishment of the sugar allotment on a fifty-fifty basis has prevented him from opening up and conducting a candy kitchen and, therefore, causes him daily loss and damage.
The petitioner prayed for recognition of his right to one-half of the sugar allotment issued by the Office of Price Administration to "Barkett Candy Kitchen" subject to the rules and regulations of the Office of Price Administration; and that defendant be ordered to specifically perform her agreement to divide immediately with the petitioner the said sugar allotment and her agreement to assist petitioner in the re-establishment of said allotment in the Office of Price Administration. He prays further that his right to proceed against defendant for damages resulting from her refusal to abide by and perform her agreements in the mentioned respects be reserved to him.
Defendant denies that she agreed to divide the sugar allotment referred to and affirmatively pleads that she acquired plaintiff's interest therein by and through the act of sale to her by him.
She prays that plaintiff's suit be dismissed and his demands rejected, which was done by the lower court. Plaintiff appealed to this court.
It is not correct, as alleged by plaintiff, that the sugar rationing check involved herein, was sent to the Office of Price Administration in New Orleans immediately *Page 640 
after plaintiff executed the deed to defendant. The check was at that time in the possession of that office and had been since January 10th or 11th. It was sent there by defendant's counsel to be held until the controversy between the parties could be settled. Had plaintiff purchased all of defendant's interest in the property he would have been entitled to all of the sugar allotment upon satisfying the Office of Price Administration in New Orleans that he had acquired the entirety of the business.
Acting upon the recitals of the deed to defendant, a copy of which was sent to the Office of Price Administration in New Orleans, that office issued and delivered, on or about February 8th, a new sugar rationing check to defendant, but whether it was good for three months or the remaining part of the first quarter of 1946, the record does not positively disclose.
A sharp misunderstanding exists between the parties to this suit and the counsel representing them when the deed was executed, with respect to the sugar allotment, and its division. This is manifested from their testimony in the case. Regrettable as this may be, as we view the case, it is immaterial to a correct decision of it, as to who is right and who is wrong.
[1, 2] It is certain plaintiff parted with all of his property interest in the candy business, formerly owned and operated by his father, and it is equally certain defendant acquired such interest and became the sole owner of the business. The right to the sugar allotment followed the ownership of the business. The right to procure sugar inhered in the business, was an indispensable factor to its existence, and would have automatically ceased if the business had ceased. A check that entitles the lawful holder thereof to acquire sugar thereunder may not become the property of anyone save the Office of Price Administration. It may not be transferred or acquired by inheritance or will. Third Revised Ration Order 3, Article VI, Section 6.7 (b).
Coupons or checks issued under the regulations of and by the Office of Price Administration are the property of that office whether or not they have been used. Article XXII, Section 22.11, same order.
Plaintiff contends that because of defendant's action in repudiating her alleged agreements he was without sugar coupons and therefore was unable to establish and operate a candy manufacturing business of his own. Had plaintiff set up a candy business of his own it would have been, of course, a new business without any relation whatever to the old business. The rules and regulations of the Office of Price Administration clearly provide the method of procedure in cases involving the establishment of new businesses. The party so doing is required to make formal application for ration allotment and in other respects comply with the rules and regulations appertaining thereto. If favorable action is had on such application a ration allotment is at the same time fixed and determined. Article XVI, Section 16.1, same order.
[3] The Office of Price Administration has exclusive jurisdiction over the issuance, suspension, cancellation and revocation of sugar rationing checks or coupons. It determines who is entitled thereto, and the quantity thereof. It may recall coupons or tickets after their issuance and delivery and may reduce the number or quantity thereof in any case after an allotment has been established.
In this case plaintiff's recourse was to the Office of Price Administration and not to the courts. Had he laid his case before the local Office of Price Administration and lost, a right of appeal was open to him but not to the courts of this state.
The Office of Price Administration at New Orleans, after learning that defendant had acquired the assets and equipment of the old business, concluded that the candy business operated by defendant was solely entitled to the sugar allotment formerly granted to the old business and acted accordingly. It seems to us this closed the matter.
We do not know definitely the grounds upon which the lower court rejected plaintiff's demand, but regardless of the ground or grounds, it is our opinion the case was correctly decided. Therefore, the judgment appealed from is affirmed with costs. *Page 641